IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ZUFFA, LLC, d/b/a THE ULTIMATE )
FIGHTING CHAMPIONSHIP (UFC), )
                                                                                                   )
                         Plaintiff, )
                                                                                                     )
v. )
                                                                                                       )          No. 10-2509-CM
                                                                                                       )
JOSEPH D. BIDWELL, et al. )
                                                                                                       )
                         Defendants. )
                                                                                                        )

## MEMORANDUM AND ORDER

In this action, plaintiff Zuffa, LLC, d/b/a/ The Ultimate Fighting Championship ("UFC") asserts joint and several liability against defendants Joseph Bidwell and Loco Joe, LLC (d/b/a/ Loco Joes, a/k/a/ Loco Joe's) ("Loco Joe's"). Bidwell has answered, but Loco Joe's has failed to appear or otherwise defend and the clerk has entered default against Loco Joe's. Now before the court is plaintiff's Motion for Default Judgment (Doc. 25) which seeks a joint and several award of $32,254.75 against defendant Loco Joe's. The motion is supported by a Memorandum in Support (Doc. 26); a Statement for Rule 54(b) (Doc. 27); a Statement for Judgment (Doc. 28); and three separately filed affidavits, each with supporting exhibits (Docs. 29–31.) For the following reasons, the court grants the motion in part and denies it in part.

**I. Factual Background**

On September 20, 2010, plaintiff filed this case with the following allegations: Loco Joe's is a now defunct commercial establishment located in Wichita, Kansas, whose officer, director, shareholder, principal, and supervisor was defendant Bidwell.

Plaintiff is the owner of the UFC #114 broadcast, including all undercard matches and the entire television broadcast, that was scheduled for May 29, 2010 via closed circuit television via encrypted satellite signal (the "broadcast"). Plaintiff entered into licensing agreements with various entities in the State of Kansas, allowing them to publicly exhibit the broadcast to their patrons for a fee.

Defendants, without paying or entering an agreement with plaintiff, unlawfully intercepted, received and/or descrambled the satellite signal and exhibited (via coaxial cable or satellite) the broadcast at Loco Joe's willfully and for purposes of commercial advantage or financial gain in violation of 47 U.S.C.§ 605 (Count I - Unauthorized Publication or Use of Communications); 47 U.S.C.§ 553 (Count II - Unauthorized Reception of Cable Service); 17 U.S.C.§ 501 (Count III - Copyright Infringement).

By way of his answer, Bidwell admits his business interest in Loco Joe's but denies any direct involvement in the complained-of conduct, and denies that he knowingly allowed or permitted any illegal interception of signals, or violation of any proprietary, privacy, or other rights of plaintiff.

## II.    **Judgment Standard**

Once default is entered, a defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). Under Rule 55(b), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing. . . " The claimed amount of damages must be supported with an affidavit or other evidence of actual damages. The entry of default judgment by the court is governed by Rule

55(b)(2). That rule permits the court to conduct hearings when, to enter or effectuate judgment, it needs to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

## III. Discussion

The briefs, supported by exhibits and affidavits, set out the amount of damages at $32,254.75. This figure includes (1) $10,000.00 pursuant to 47 U.S.C. 605(e)(3)(C)(i)(II); and (2) $20,000.00 pursuant to 47 U.S.C. 605(e)(3)(C)(ii), for defendant's willful violation of 47 U.S.C. 605(a). Plaintiff also seeks attorney's fees of $2,254.75 and costs, both of which are enforceable under applicable law. *Farmers Cas. Co. v. Green*, 390 F.2d 188, 192 (10th Cir. 1968) (under Kansas law and traditionally, attorney fees can be awarded only if provided by contract or authorized by statute); *see* 47 U.S.C. 605(e)(3)(B)(iii) (permitting costs and reasonable attorneys fees to a prevailing party).

However, when an action is brought against more than one defendant, charging them with joint liability, a question arises as to the effect of a default by fewer than all defendants. The leading Supreme Court decision on the subject is *Frow v. De La Vega*, 82 U.S. 552 (1872), which holds that, as a general rule, when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants. *See also Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145 (10th Cir. 1985). Under *Frow*, a plaintiff who prevails on liability against the nondefaulting defendants is entitled to a judgment against both the defaulting and nondefaulting parties.[1] *Frow* has been construed narrowly

---

[1] On the other hand, if the action is dismissed, it will be dismissed as to the defaulting party as well as the remaining defendants. Similarly, a summary judgment in favor of the answering defendant(s) will accrue to the benefit of the defaulting defendant(s), just as, generally, the defenses, arguments, and evidence presented by an answering defendant will inure to the benefit of the
(continued...)

to apply to cases in which the claims are joint and several. *Hunt*, 770 F.3d at 147–48. This is precisely the situation facing this court: plaintiff claims joint and several liability based on the breach of a contract guaranteed by each defendant.

In such a case, the amount of damages which plaintiff may recover from defaulting and nondefaulting defendants should not differ. *Hunt*, 770 F.3d at 147–48. It is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments. *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp 975, 978 (S.D.N.Y. 1992); *Friedman v. Lawrence*, 90 Civ. 5584, 1991 WL 206308 (S.D.N.Y. Oct 2, 1991); 10A Fed. Prac. & Proc. § 2690 (2008).

This court therefore grants the motion for default judgment against defendant Loco Joe's as to liability. However, the case will proceed on the issue of damages, and the court will enter a final judgment after plaintiff proves its damages.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Default Judgment Against Defendants (Doc. 11) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that the parties will proceed on the issue of damages, and the court will enter a final judgment in the case after plaintiff proves its damages.

Dated this 18th day of February 2011, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**

---

[1] (...continued)
defaulting defendant(s).

-4-